UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Al H. Zayid

Plaintiff,

vs.

Sodexho Marriott Management, Inc., a foreign corporation, and Sodexho Marriott Services, Inc., a foreign corporation,

Defendant.

Civil No. 00-CU-1517 (MJD/JGL)

**STIPULATION TO AMENDED COMPLAINT AND PROPOSED ORDER**

---

The parties, through their undersigned counsel, stipulate to Plaintiff serving and filing his Amended Complaint in the form attached hereto as Exhibit A which includes as a new defendant "Sodexho America, L.L.C." and includes as a new cause of action violations of Title VII of the Civil Rights Act of 1964, as amended. The parties agree that by execution of this Stipulation, Defendants do not waive any defenses or affirmative defenses, to the Amended Complaint, including that some entities listed as defendants are not the plaintiff's employer.

Dated: November 30, 2000

STEPHEN C. FIEBIGER &
ASSOCIATES, CHARTERED

Stephen C. Fiebiger (#149664)
Suite 106
2500 West County Road 42
Burnsville, MN 55337
(952) 746-5171

Dated: November 28, 2000

JACKSON LEWIS SCHNITZLER
& KRUPMAN

David J. Duddleston (#139804)
Ann M. Bildtsen (#271494)
150 Fifth Street Tower, Suite 2800
150 South Fifth Street
Minneapolis, MN 55402
(612) 341-8131

DEC 04 2000

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

Pursuant to the above stipulation, it is so ordered.

Dated: Dec. 1 2000

Jonathan G. Lebedoff
United States Magistrate Judge

Ex. "A"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Al H. Zayid, Civil No: 00-CV-1517 (MJD/JGL)

Plaintiff,

v.

**AMENDED COMPLAINT**
**(JURY DEMAND)**

Sodexho Marriott Management, Inc., a foreign corporation, and Sodexho Marriott Services, Inc., a foreign corporation, and Sodexho America, LLC,

Defendants.

COMES NOW, the above-named plaintiff, Al Zayid, who states and alleges as and for his Amended Complaint as follows:

## I. PRELIMINARY STATEMENT

1. This is an employment discrimination complaint seeking monetary damages, injunctive relief, and other damages, brought by Al Zayid, African American, alleging causes of action for race discrimination, harassment, and retaliation against his former employer for violations of 42 U.S.C. Section 1981, the Minnesota Human Rights Act (MHRA), Minn. Stat. Sections 363.01, et seq., and the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e-2, et seq, ("Title VII").

## II. PARTIES

2. Plaintiff Al H. Zayid (Plaintiff Zayid) is an African American male who at all material times was a citizen of the state of Minnesota. Plaintiff worked for Defendants' Lutheran Brotherhood account in Minneapolis, Minnesota, as a prep cook.

3. Defendant Sodexho Marriott Management, Inc., (Sodexho Management") is a New York corporation with its headquarters in Gaithersburg, Maryland, and doing business in the state of Minnesota at material times herein. Upon information and belief, Sodexho Management is a subsidiary corporation of Defendant Sodexho Marriott Services, Inc. Sodexho Management contracts with educational, health care and business facilities to operate food services and provide facilities management within their buildings. At material times, it provided some or all of these services at Lutheran Brotherhood in Minneapolis, Minnesota.

4. Defendant Sodexho Marriott Services, Inc., (Sodexho Services) is a Delaware corporation with its principal place of business in the state of Maryland and doing business at material times in Minnesota. Upon information and belief, Sodexho Services is the parent corporation of Defendant Sodexho Marriott Management, Inc.

5. Defendant Sodexho America, LLC (Sodexho America) is, upon information and belief, a Limited Liability Company for which a certificate was issued by the Minnesota Secretary of State on January 20, 2000 with a registered office of 33 South Sixth Street, Multifoods Tower, Minneapolis, Minnesota 55402. Sodexho America, upon information and belief, is the successor to any liability herein.

## III. JURISDICTION

6. Jurisdiction is based upon 42 U.S.C. Section 1981 and 42 U.S.C. Section 2000 e-2. This court has jurisdiction under 28 U.S.C. Section 1331, federal question jurisdiction, and supplemental jurisdiction under 28 U.S.C. Section 1367.

7. This is a suit in law and equity for monetary, injunctive and other relief as authorized by Title VII, 42 U.S.C. Section 1981, and the Minnesota Human Rights Act

(MHRA), Minn. Stat. Sec. 363.01, et seq. The jurisdiction of this court is invoked to redress and secure protection of rights secured by the above federal and state law on account of race.

8. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on or about July 9, 1999, alleging discrimination on account of his race in violation of Title VII. He requested the EEOC issue a Right to Sue and the EEOC issued a Right to Sue September of 2000 which was received by Plaintiff on September 20, 2000.

## IV. FACTS

9. Plaintiff Zayid was employed by Defendants as a prep cook at Lutheran Brotherhood in Minneapolis, Minnesota from July 30, 1998 until June 30, 1999, when he was terminated from employment because of his race, African American.

10. Plaintiff was subjected to racially offensive remarks, slurs and conduct by other employees at work. One white employee, Roy Schwarz (Schwarz), the head grill cook, referred to Plaintiff derogatorily and that Plaintiff would never advance above him and would always be his "assistant". Another time, Roy said Plaintiff and another minority employee were "nothing but floor mats". Plaintiff asked to be transferred from the grill area away from Roy because of his hostility to Plaintiff and other black employees. Defendant failed to take steps to correct or improve the racially hostile environment.

11. Another time, Schwarz was discussing some carved meat in the food service area with Mary Sorenson (Sorenson), the head cook. Schwarz Made offensive remarks about three black employees, including Plaintiff. Schwarz sarcastically asked Sorenson about when they throw out the meat did she [Sorenson] "see all the buzzards going to get it",

referring to the three black men. Plaintiff complained to Mike Byers, Assistant Manager, who did nothing.

12. Other black employees were subjected to offensive and verbal abuse in the workplace because of their race and other unfair terms and conditions of their employment than were white employees. Sorenson referred to blacks as "lazy" and that they didn't like to work. She belittled a black employee in the workplace within earshot of other employees. She derogatorily referred to Plaintiff as ignorant and stupid at work and humiliated and belittled him.

13. White employees were given more favorable treatment than black employees, including Plaintiff, in terms of available opportunities, training, transfers, assignments, and pay.

14. A white employee, Jamie Gutierrez (Gutierrez), was given more favorable treatment than blacks, and Plaintiff. Defendant allowed this white employee to be paid early, receive transfer opportunities not made available to blacks, and a higher rate of pay. One time, Gutierrez took a cereal box and wrote Plaintiff's name on the box with an arrow pointing to a picture of a black on the box and displayed the box to other employees at work as a racist joke. This was brought to the attention of General Manager Marlene Roberts (Roberts) but Gutierrez was not disciplined. Gutierrez had previously harassed another African American female and allowed to transfer to another position.

15. Plaintiff complained to General Manager Marlene Roberts on or about June 25, 1999 about the discriminatory, harassing and unfair treatment of blacks in the food service by white co-workers and management. He requested that he not have to work on the grill with Roy Schwarz because of Schwarz's harassment and Roberts indicated this

would be taken care of for him [Plaintiff]. He was also excused by Roberts from ice-making which took him away from soup preparation duties.

16. On or about June 29, 1999, Plaintiff was asked by Byers if he [Plaintiff] was doing the ice and Plaintiff indicated he was not because of the conversation with Roberts. He was also asked by Byers if he [Plaintiff] was working at the grill and he indicated he was not after obtaining Roberts' approval. Byers apparently went to Roberts and returned indicating that Roberts knew nothing about these changes.

17. Plaintiff reminded Roberts she agreed he no longer would be required to perform those functions which would reduce his status to part-time and that Plaintiff should go home for the day. She asked Plaintiff to contact Byers about returning to work. Plaintiff called Byers and advised he would be returning the next day. Roberts subsequently called Plaintiff and informed him he was terminated for abandoning his job. Plaintiff did not abandon his job and this accusation was false.

18. Defendant discriminated against and retaliated against Plaintiff for complaining about discrimination and harassment of himself and other African Americans in the workplace.

19. Plaintiff was subjected to harassment and unfair treatment by Defendant on account of his race. He complained pursuant to the company's available complaint procedures but nothing was done to resolve his complaints. He was terminated on June 29, 1999 in retaliation for his complaints and because of his race.

20. Defendants, and their agents, acted with a willful indifference to the rights of Plaintiff in engaging in the acts described above entitling Plaintiff to punitive damages..

## V. CAUSES OF ACTION

### COUNT I – VIOLATIONS OF 42 U.S.C SECTION 1981

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them herein. The above-described conduct by Defendants, and its employees and agents, denied Plaintiff his right to make and enforce contracts on account of his race in his employment and employment contract and the full and equal benefits and protection of the laws and privileges and immunities of the law for his employment as is afforded to white persons. Defendants interfered with Plaintiff's employment relationships on account of his race by discriminating against him in the terms, conditions, privileges, tenure and enjoyment of all benefits in his employment as afforded whites. As a result, Defendants have violated 42 U.S.C. Section 1981 and Plaintiff has been injured and sustained damages in excess of $75,000 compensatory and $75,000 punitive damages.

### COUNT II – VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT, MINN. STAT. SEC. 363.01, et seq.

22. Plaintiff re-alleges paragraphs 1 through 21 and incorporates them herein. By virtue of the above-described conduct, Defendants discriminated against Plaintiff because of his race by discharging him in violation of the Minnesota Human Rights Act (MHRA) Minn. Stat. Sec. 363.03, subd. 1(2)(b) and with respect to his tenure, compensation, terms, upgrading, conditions, facilities, and privileges of employment in violation of Minn. Stat. Sec. 363.03 subd. 1(2)(c). Defendants further engaged in reprisal and unfair employment practices against Plaintiff for complaining and opposing practices about discrimination, and associating with other African Americans, in violation of Minn. Stat. Sec. 363.03, subd, 7 (1) and (2). As a result of the discriminatory actions taken by Defendants against Plaintiff in violation of the MHRA, Plaintiff has been injured and

damaged in excess of $75,000.

**COUNT III – VIOLATION OF TITLE VII**

**42 U.S.C. SECTION 2000e-2, *et seq.***

23. Plaintiff re-alleges paragraphs 1 through 22 and incorporates them herein. Defendants and their agents, employees and representatives discriminated against plaintiff Zayid because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e-2 et seq, by subjecting him to discrimination and harassment in the workplace with respect to his terms, conditions, tenure, promotional opportunity, privileges of employment, discipline, duties, compensation, and retaliation for complaining about harassment and discrimination due to his race and discharging him from employment because of his race. As a result of the above-described conduct of Defendants, plaintiff Zayid has been injured and sustained damages in excess of $75,000 compensatory and $75,000 punitive damages.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on any issues triable of right by a jury in this matter.

WHEREFORE, the above-named Plaintiff prays for a judgment against Defendants, and each of them jointly and severally, as follows:

1. For damages in excess of $75,000 for each of Counts I, II and III.

2. For punitive damages in excess of $75,00 and as allowed by law.

3. For back pay, lost wages and income, benefits and seniority, future income, mental anguish, compensatory damages, and all relief available under 42 U.S.C.

Section 1981, Title VII, including injunctive relief, and the MHRA as permitted by law.

4. For treble damages as permitted under the MHRA.

5. For pre-judgment and judgment interest on all amounts awarded.

6. For costs and attorney's fees as permitted by state and federal laws.

7. For such other and further relief as the Court deems just and equitable.

**STEPHEN C. FIEBIGER & ASSOCIATES, CHARTERED**

Dated:_______________ ______________________________

Stephen C. Fiebiger (#149664)
Suite 106
2500 West County Road 42
Burnsville, MN 55402
(952) 746-5171

**ATTORNEY FOR PLAINTIFF**